# CHARLESTON

KANAWHA CENTRAL RAILWAY COMPANY v. BROUN *et als.*

Submitted March 20, 1912.   Decided February 4, 1913

EMINENT DOMAIN—*Property Subject to Condemnation—Property Previously Devoted to Public Use.*

In the absence of special statutory authority, property already devoted to one public purpose cannot be condemned for another, nor can property so applied in the hands of one corporation be taken for the same use by another.

Error to Circuit Court, Kanawha County.

Condemnation proceedings by the Kanawha Central Railway Company, against T. L. Broun and others. Judgment for plaintiff, and defendant Briar Creek Railway Company brings error.

*Affirmed.*

*Linn & Byrne* and *George E. Price,* for plaintiff in error.

*S. B. Avis,* for defendant in error.

POFFENBARGER, PRESIDENT:

This is a writ of error in the condemnation proceeding referred to in the decision in *Briar Creek Railway Co.* v. *The Kanawha Central Railway Co.,* reported in 70 W. Va. 226, and the governing proposition or principle in that case controls this one. Adjudicating right in the applicant, the Kanawha Centrl Railway Co., to take the property in question for railroad purposes, on payment of just compensation, the trial court appointed commissioners to ascertain the same, who fixed it at the sum of $416.00. Having overruled exceptions to the report and confirmed it, the court permitted the applicant to pay the amount into court and take possession of the property. Practically all of the facts relating to the incorporation of the two companies, as stated in the petition of the applicant, the answers of the defendants and the replication thereto, are given in the report of the decision in the other case already referred to.

The replication shows that the land sought to be condemned had been already devoted to the public service, at the date of the incorporation of the Briar Creek company, and was then

occupied by a railroad used and operated as common carrier. Paragraph 4 thereof reads, in part, as follows: "The applicant, * * * prior to said twenty-first day of March, had purchased a railroad that had been there thereto built on said location, and was, at the date of said conveyance of the twenty-first day of March, 1906, the owner of said railroad constructed, as aforesaid, upon its said location through said lands, and was at the time of the conveyance aforesaid, on the twenty-first day of March, 1906, the owner of said railroad, and was operating it as a public common carrier, and is still the owner thereof, and is still operating the same as such carrier, and it says that the alleged location by the defendant, the Briar Creek Railway Company, of its proposed road over said lands, made on the eighth day of January, 1906, was made after the construction of the said railroad that was subsequently purchased and is now owned by the applicant, and said location so made by the Briar Creek Railway Company and the purchase of the lands sought to be acquired herein by it were both made by the defendant, not for the purpose of constructing a public railroad thereover, but for the sole purpose of hindering, delaying and obstructing this applicant, the Kanawaha Central Railway Company, in the operation and maintenance of its said railroad now in operation thereover, and that the defendant ought not, for this reason, to have and maintain its said defense against this applicant, and thereby prevent the acquisition of the right of way in its petition described, necessary to the operation of its now completed and going road."

The facts set forth in this paragraph were not denied. On the contrary, they were admitted by the demurrer to the replication. As the petition, answers and replication set forth all the facts, none of which were controverted, no evidence was taken and the vital issue, right in the applicant to take the property, was decided by the court.

A claim to priority of right in the Briar Creek Company rests upon its precedence in incorporation, organization and the filing of the plat of its proposed railroad location, exactly that of the existing and going railroad. In resistance of this claim, non-compliance with the statute respecting organization of the company is relied upon, and also a charge of bad faith

on the part of the Briar Creek Company in the adoption of the location already occupied. As the Brouns and Courtney owned the strips of land sought to be taken, at the date of the institution of the condemnation proceeding, and afterward conveyed them to the Briar Creek company, the latter is treated in argument as a *pendente lite* purchaser and is said to be barred as such.

None of these claims and contentions are important. They are all controlled and governed by the public use to which the land in controversy was devoted at the time of the incorporation of the two companies and all their acts and proceedings. The Kanawha Central company avers in the replication its purchase of an existing, going railroad operating as a common carrier, before the incorporation of the Briar Creek company, its organization or any of its steps to acquire a location. That purchase was an adoption of the location of the existing railroad as the location of the railroad of the Kanawha Central company. It took over by purchase an existing railroad and its prior location. In the matter of location, the title to the land was not involved, but it conferred upon the holder right, under the power of eminent domain, to get in the title from the owners thereof, the Brouns and Courtney This conclusion is the inevitable result ,of the principles announced in the decision in the injunction suit between these same parties to which reference has been made In the absence of special statutory authority, property already devoted to one public use cannot be taken for another, nor can property so applied in the hands of one person or corporation be taken for the same use by another person or corporation. *Maxwell* v. *Central District Co.*, 51 W. Va. 121; *Railroad Co.* v. *Railroad Co.*, 17 W. Va. 812; *Richmond, &c. Co.* v. *Johnson,* 103 Va. 456; *Railroad Co.* v. *Railroad Co.*, 75 Va. 780. No statute gives preference to the Briar Creek company. Both companies found their claims on the same general statutory system.

The judgment will be affirmed.

*Affirmed.*